STATE OF TENNESSEE ex rel, T. R. BARR, Appellees,

*v.*

TOWN OF SELMER et al., Appellants.

417 S.W.2d 532.

(*Jackson,* April Term, 1967.)

Opinion filed June 26, 1967.

E. J. Harris, Bolivar, for appellants.

Lloyd Tatum and Willard E. Smith, Henderson, for appellees.

Mr. Special Justice William J. Harbison delivered the opinion of the Court.

This suit originated as a petition for a writ of mandamus brought on relation of a holder of revenue bonds issued by the Town of Selmer, located in McNairy County, Tennessee, against the municipal corporation and its Mayor and Board of Aldermen. Also joined as defendants were the members of the Board of Waterworks and Sewerage Commissioners of the Town of Selmer.

There is no controversy concerning the basic facts of the case. For convenience the parties will be referred to as they appeared in the trial court.

The relator alleged that he was the holder of certain gas revenue bonds issued by the municipal corporation under a resolution adopted by the Mayor and Board of Aldermen of the Town of Selmer, on July 11, 1952. These bonds, in the total amount of $270,000.00, were issued pursuant to the terms and provisions of the Revenue Bond Law, T.C.A. sec. 6-1301 et seq.

A portion of the bond resolution pertinent to the issues in this case is as follows:

7 (m) That for the purpose of assuring the efficient, impartial and nonpolitical operation of said system for the benefit of the municipality and the holders of the

bonds from time to time outstanding, the complete and independent control and operation of the system shall be vested in the Board of Waterworks and Sewerage Commissioners of the municipality, subject, however, to the obligation and duty on the part of said Board to carry out and perform faithfully all of the covenants and agreements contained in this resolution. It is recognized that the operation of said system by said Board is an inducement to prospective purchasers to agree to buy the bonds, and that it is of importance to such purchasers that the system be so controlled and operated, and it is therefore agreed with the holders from time to time of the bonds and made a part of the contract rights which will vest in such holders at the time of the delivery of the bonds that no law which might hereafter be enacted applicable to the control and the operation of the system shall be applicable to or may in any way affect the control and operation of the system or the composition, organization or method of operation of said Board.

The Revenue Bond Law under which the natural gas revenue bonds were issued makes no provision for a Board of Commissioners, but it does provide that bonds issued pursuant to the terms of the statute may be authorized by resolution of the governing body, and that they may contain certain terms and provisions as set out in the statute and

* * * may contain such terms, covenants and conditions and may be in such form, either coupon or registered, as such resolution or subsequent resolutions may provide. T.C.A. sec. 6-1309.

Statutes governing the ownership and operation of sewers and waterworks, T.C.A. sec. 6-1401 et seq., do

provide for a board of commissioners to be appointed by majority vote of the governing body of the municipal corporation. It is expressly provided by recent amendment to these statutes, however, that the governing body of any incorporated city or town may, by proper ordinance, elect to perform the duties required of the Board of Commissioners established to operate sewers and waterworks. T.C.A. 6-1413 (Supp.1966).

■■ There is no dispute between the parties but that in the Town of Selmer a single board of commissioners has controlled and operated the sewerage, waterworks and natural gas systems. As appears from the bond resolution authorizing the natural gas revenue bonds, quoted above, it was provided by the Board of Aldermen in the bond resolution that control of the natural gas system should be vested in the Board of Waterworks and Sewerage Commissioners. While provision for such control is not actually found in the Revenue Bond Act under which the bonds were issued, we are of the opinion that the Board of Aldermen had authority to authorize the Board of Waterworks and Sewerage Commissioners to operate the gas system, and that the bond resolution was valid and within the authority granted by the Revenue Bond Act.

From 1952, when the gas revenue bonds were issued, until 1965, the Board of Waterworks and Sewerage Commissioners operated all three of the systems of the City. In 1965, however, the Board of Aldermen of the City enacted an ordinance, pursuant to the provisions of T.C.A. sec. 6-1413, as amended, under the terms of which the Mayor and Board of Aldermen elected to perform the duties required of the Board of Waterworks and Sewerage Commissioners of the Town of Selmer.

It was to attack the validity of the latter ordinance that a holder of some of the natural gas revenue bonds brought the present suit. It was alleged that pursuant to said ordinance the Mayor and Board of Aldermen had taken control and were operating the gas system of the municipality, and also the waterworks and sewerage system, in violation of the rights of the bond holders and contrary to the bond resolution of July 11, 1952.

The Mayor and Board of Aldermen first filed a demurrer to the suit, and after it was overruled they filed an answer, admitting the issuance of the bonds, and admitting that the Mayor and Board of Aldermen had taken control of the gas system as well as the other utilities, pursuant to the 1965 ordinance. They alleged that they had adequate reason for enacting the 1965 ordinance, contended that the Board of Waterworks and Sewerage Commissioners had been inefficient and extravagant, and further denied that there was any danger to any bondholder by reason of the action of the Board of Aldermen, in that many of the bonds had already been retired and that there were ample funds to retire the remaining bonds. Testimony was taken and after a hearing the chancellor, who had previously issued an alternative writ of mandamus, issued a peremptory writ, commanding the Mayor and Board of Aldermen of the Town of Selmer to relinquish the management, control and operation of the gas system, and also of the water and sewerage system, directing that they take no steps to enforce the 1965 ordinance, and directing that they be required to repeal said ordinance. The final decree further directed that those defendants constituting the Board of Waterworks and Sewerage Commissioners should forthwith assume the management, control and

operation of the gas, water and sewerage systems of the town.

From this decree the Mayor and Board of Aldermen have perfected an appeal to this Court. We are of the opinion that the chancellor had no authority to divest the Mayor and Board of Aldermen of control of the water and sewerage systems. These systems are not involved in the litigation, and the complainant is not a holder of any bonds payable out of the revenues of those systems, or out of the general funds of the municipal corporation. We further hold that the chancellor had no authority to order the Mayor and Board of Aldermen to repeal the 1965 ordinance. Insofar as the system of waterworks and sewers are concerned, it appears that the 1965 ordinance is perfectly valid and within the authority granted to the governing body of the city by T.C.A. sec. 6-1413. To the extent that his decree purports to compel a repeal of the 1965 ordinance, therefore, and to the extent that it purports to divest the Mayor and Board of Aldermen of control of the water and sewerage system, or to compel the return of those systems to the control of the Board of Waterworks and Sewerage Commissioners, the decree of the chancellor is reversed.

We are of the opinion, however, that the gas system is in an entirely different category legally from the other two systems. Factually, whether the Mayor and Board of Aldermen will undertake to operate the waterworks and sewer systems independently of the natural gas system is a matter to be determined by them. We are of the opinion that they have the authority to do so, however, and that the chancellor was in error in entering a decree affecting their operation or conduct of those two systems.

■ We are of the opinion, however, that the chancellor was correct in holding that the provisions of the bond resolution quoted above constituted a contract between the municipal corporation and the holders of the natural gas revenue bonds. This resolution was valid in its inception and is valid now, and is binding upon the governing body. It is expressly provided by T.C.A. sec. 6-1310, which is a part of the Revenue Bond Law under which the gas revenue bonds were issued:

The provisions of this chapter and any such resolution or resolutions shall be a contract with the holder or holders of said bonds, and the duties of the municipality and of its governing body and officers under this chapter and any such resolution or resolutions shall be enforceable by any bondholder by mandamus or other appropriate suit, action or proceeding in any court of competent jurisdiction.

Section 10 of the bond resolution contains similar language to that contained in the statute itself.

■ Accordingly we are of the opinion that the Mayor and Board of Aldermen had no authority to take control of the natural gas system from the Board of Waterworks and Sewerage Commissioners, to whom they had delegated the control and operation of that system by the bond resolution in 1952. So long as any of the 1952 bonds are outstanding, we are of the opinion that the terms and conditions of the bond resolution must be adhered to by the governing body of the municipality. Of course, when all of the bonds are called or retired by consent or according to their terms, a different situation would be presented, because we find nothing in the Bond Revenue Law, T.C.A. sec. 6-1301 et seq., to prevent the governing body from controlling and operating the natural gas system.

It is for this further reason that we are of the opinion that the chancellor was in error in ordering a repeal of the 1965 ordinance, because when all of the bonds are retired, the ordinance may be given effect according to its terms and provisions.

■ We find no merit in the insistence of the Mayor and Board of Aldermen that the holders of the bonds have not been damaged by the change of control. The holders of the bonds are entitled to rely upon the terms and conditions of the bond resolution, and are entitled to have them enforced.

It results that the decree of the chancellor is reversed in part, but is affirmed insofar as it directs a peremptory writ of mandamus to issue, commanding the Mayor and Board of Aldermen to relinquish forthwith the management, operation and control of the gas system of the Town of Selmer so long as any of the subject bonds are outstanding, and to surrender said management, control and operation to the Board of Waterworks and Sewerage Commissioners during said period of time. The costs of the cause are adjudged against the defendants, the Mayor and Board of Aldermen.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.